

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY  10022.3298


Sean A. Malley
212.583.2691 direct
212.583.9600 main
smalley@littler.com

April 29, 2021


**VIA ECF**


Hon. Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

*Re:*     ***Davarci, et al. v. Uber Technologies, Inc.,*** 20-cv-9224 (VEC)

Dear Judge Caproni:

As you are aware, we represent Defendant Uber Technologies, Inc. ("Uber") in the above-referenced matter. We write in support of Uber's pending motion to compel arbitration and to respond to Plaintiffs' April 26, 2021 letter (Docket No. 30) attempting to distinguish the recent decision in *Osvatics v. Lyft,* No. 20-CV-1426 (KBJ), 2021 WL 1601114, 2021 U.S. Dist. LEXIS 77559 (D.D.C. Apr. 22, 2021).  For the reasons described below, *Osvatics* is persuasive and the Court should reach the same conclusion in this case.

*First*, *Osvatics* correctly held that "the fact that Lyft drivers occasionally and incidentally transport passengers to and from airports and railroad stations does not mean that such drivers are engaged in interstate commerce for purposes of section 1 of the FAA."  2021 WL 1601114 at *14.  *Osvatics* concluded that because passengers "use the Lyft application unilaterally to hail a driver," drivers "'lack the requisite practical, economic continuity with interstate air or rail transportation' to qualify as engaging in interstate commerce within the meaning of section 1." *Id.*, at *4. Plaintiffs' assertion that *Osvatics* is inapplicable because "Plaintiffs introduced evidence of Uber's partnerships with airlines and airports to facilitate interstate travel" both mischaracterizes the record and misses the point. Plaintiffs here—just as in *Ovatics*—have submitted no evidence suggesting that the local transportation service provided by rideshare drivers, as a class or otherwise, forms a "practical, economic continuity" between passengers' air and rail travel and their use of the Uber App "unilaterally to hail a driver."

*Second*, *Osvatics* correctly rejected the relevance of *Waithaka v. Amazon.com, Inc.*, 966 F.3d 10 (1st Cir. 2020) and *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020), to rideshare drivers.  *Osvatics,* 2021 WL 1601114, at *15.  Those cases were "based on both 'the interstate nature of Amazon's business' and the fact that Amazon specifically hires AmFlex workers to 'complete the delivery of goods that Amazon ships across state lines[,]' circumstances that are not present in the case of rideshare drivers."  2021 WL 1601114, at *15 (citing and quoting *In re Grice*, 974 F.3d 950, 959 (9th Cir. 2020)).

Hon. Valerie E. Caproni
April 29, 2021
Page 2

*Third*, *Osvatics* makes clear that "physically crossing state lines … is not *sufficient* to trigger the section 1 exemption" because "the residual clause does not cover 'workers who incidentally transport[] goods interstate.'" 2021 WL 1601114, at *12. And because "Lyft drivers offer services that are primarily local and intrastate in nature …, any '[i]nterstate trips' that Lyft drivers take 'by happenstance of geography do not alter the intrastate transportation function performed by the class of workers.'" *Id.* at *13.

Finally, *Osvatics* persuasively addresses shortcomings in the analysis of decisions out of this District in *Islam v. Lyft, Inc.*, 2021 WL 871417 (S.D.N.Y. Mar. 9, 2021) and *Haider v. Lyft, Inc.*, 2021 WL 1226442 (S.D.N.Y. Mar. 31, 2021). *Osvatics* faults these cases for examining the raw number of interstate trips performed by rideshare drivers: "[T]he applicability of the section 1 residual clause does not depend on the aggregate number or frequency of interstate trips taken by a class of workers; instead, what is at issue is whether that class of workers is 'engaged *in the channels* of … interstate commerce.'" *Osvatics*, 2021 WL 1601114, at *15. The interstate trips of rideshare drivers, "no matter how numerous, are merely 'incidental' to their local transportation function." *Id.*

Finally, as noted in *Osvatics*, the holding in that case comports "with the majority of courts … that rideshare drivers are not encompassed by section 1's residual clause, such that their employment contracts are subject to the FAA." *Id.* at *6. Uber's motion should be granted. We thank the Court for its attention to this matter.

Sincerely,


*/s/ Sean A. Malley*

Sean A. Malley