**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/20/21

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

SANCAK DAVARCI and JOSEPH CHAMBERS, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

UBER TECHNOLOGIES, INC.,

    Defendant

CIV. A. NO. 20-CV-9224-VEC

ORAL ARGUMENT REQUESTED

**PLAINTIFFS' MOTION FOR CERTIFICATION OF ISSUES FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

## Table of Content

I. INTRODUCTION ................................................................................................... 1
II. BACKGROUND ..................................................................................................... 6
III. ARGUMENT ........................................................................................................... 7
   A. Whether Plaintiffs' Claims Can Be Compelled to Arbitration under the FAA, or Alternatively New York Law, Constitute Controlling Issues of Law ............................. 7
   B. There Is Substantial Ground for Difference in Opinion Regarding Whether Rideshare Drivers (1) Fall under FAA Section 1 and (2) Can Be Alternatively Compelled under New York law to Arbitrate Their Claims ......................................... 10
   C. Allowing an Immediate Appeal from this Court's Order Will "Materially Advance the Ultimate Termination of the Litigation" by Resolving this Issue Before the Parties Have Already Engaged in Arbitration.......................................................................... 12
IV. CONCLUSION ..................................................................................................... 13

## Table of Authorities

**Cases**

Am. Geophysical Union v. Texaco, Inc.
 802 F. Supp. 1, 30 (S.D.N.Y. 1992) ................................................................................ 12
Brown v. Bullock
 294 F.2d 415, 417 (2d. Cir. 1961) ................................................................................ 8, 12
Capitol Records, LLC v. Vimeo, LLC
 2013 WL 6869648, at *10 (S.D.N.Y. Dec. 31, 2013) ........................................................ 13
Coopers & Lybrand v. Livesay
 437 U.S. 463, 475 (1978) .................................................................................................. 10
Cunningham v. Lyft, Inc.
 450 F. Supp. 3d 37, 46 (D. Mass. 2020) ....................................................................... 8, 13
Epic Sys. Corp. v. Lewis
 138 S. Ct. 1612 (2018) ...................................................................................................... 15
Feeney v. Dell Inc.
 454 Mass. 192 (Mass. 2009) ............................................................................................. 14
Feeney v. Dell, Inc.
 454 Mass. 192 (2009) ......................................................................................................... 6
Fiser v. Dell Computer Corp.
 144 N.M. 464 (N.M. 2008) ............................................................................................... 14
Gentry v. Superior Court
 165 P.3d 556 (Cal. 2007) .................................................................................................. 14
Gold v. New York Life Ins. Co.
 153 A.D.3d 216, 221 (1st Dept. 2017) .............................................................................. 15
Harper v. Amazon.com Services, Inc
 2021 WL 4075350 *6 (3rd Cir. 2021) ................................................................................. 5
Hartford Acc. and Indem. Co. v. Village of Hempstead
 48 N.Y.2d 218, 222 (N.Y. Ct. App. 1979) ........................................................................ 12
Herron v. Century BMW
 387 S.C. 525 (S.C. 2010) .................................................................................................. 14
In re Del-Val Financial Corp. Securities Litigation
 874 F. Supp. 81, 83 (S.D.N.Y. 1995) ................................................................................ 10
Islam v. Lyft, Inc.
 2021 WL 2651653 (S.D.N.Y. June 28, 2021) ............................................................... 4, 11
Katz v. Cellco Partnership
 794 F.3d 341 (2d Cir. 2015) ................................................................................................ 6
Kinkel v. Cingular Wireless LLC
 223 Ill. 2d 1 (Ill. 2006) ...................................................................................................... 14
Klein v. Vision Lab Telecommunications, Inc.
 399 F. Supp. 2d 528, 537 (S.D.N.Y. 2005) ..................................................................... 8, 1

Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria
   921 F.2d 21, 24 (2d. Cir. 1990)..................................................................................8, 10

Kuehner v. Dickinson & Co.
   84 F.3d 316, 319 (9th Cir. 1996)..................................................................................8, 16

Laurent v. PricewaterhouseCoopers LLP
   2014 WL 251986, at *1 (S.D.N.Y. Jan. 22, 2014)..........................................................12

Lee v. Postmates Inc.
   2019 WL 1864442 (N.D. Cal. Apr. 25, 2019)..............................................................7, 11

Leonard v. Terminix Intern. Co., L.P.
   854 So. 2d 529 (Ala. 2002)..............................................................................................14

Lewis v Epic Sys. Corp.
   823 F3d 1147 (7th Cir 2016), rev'd sub nom..................................................................15

Machado v. System4 LLC
   465 Mass. 508 (2013)........................................................................................................6

McKenzie Check Advance of Florida, LLC v. Betts
   112 So. 3d 1176 (Fla. 2013)............................................................................................14

Picardi v. Eighth Judicial Dist. Court of State, ex rel. County of Clark
   127 Nev. 106 (Nv. 2011).................................................................................................14

Plofsky v. Giuliano
   2009 U.S. Dist. LEXIS 43565, *12 (D. Conn. May 20, 2009)...................................8, 16

Schwartz v. Alltel Corp.
   2006 WL 2243649 (Ohio Ct. App. June 29, 2006).........................................................14

Scott v. Cingular Wireless
   160 Wash. 2d 843 (Wash. 2007).....................................................................................14

State ex rel. Dunlap v. Berger
   211 W. Va. 549 (Va. 2002).............................................................................................14

Tantaros v. Fox News Network, LLC.
   465 F. Supp. 3d. 385, 390 (S.D.N.Y. 2020)....................................................................11

Tillman v. Commercial Credit Loans, Inc.
   362 N.C. 93 (N.C. 2008).................................................................................................14

Vasquez-Lopez v. Beneficial Oregon, Inc.
   210 Or. App. 553 (Or. App. Ct. 2007)............................................................................14

Waithaka v. Amazon.com, Inc.
   966 F.3d 10, 33 (1st Cir. 2020)..........................................................................................5

Whitney v. Alltel Commc'ns, Inc.
   173 S.W.3d 30 (Mo. App. 2005).....................................................................................14

Wisconsin Auto Title Loans, Inc. v. Jones
   290 Wis. 2d 514 (Wis. 2006)..........................................................................................14

**Statutes**

28 U.S.C. § 1292(b) ................................................................................................... 1, 7, 14
794 F.3d at 344 ................................................................................................................ 4
Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 ................................................................ 1
FRCP 23 ........................................................................................................................... 6
NYCRR §500.27(a) .......................................................................................................... 3

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 1292(b), Plaintiffs move for certification of an interlocutory appeal to the Second Circuit Court of Appeals of this Court's August 20, 2021 Order compelling Plaintiffs' claims to arbitration. The issues that Plaintiffs seek leave to appeal are narrow. The first issue is whether Plaintiffs are "engaged in interstate commerce" and thus fall within the Section 1 transportation worker exemption of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. The second issue is whether arbitration agreements with class action waivers are enforceable under New York law, absent the FAA's preemptive effect. Both issues meet 28 U.S.C. § 1292(b)'s requirements for interlocutory appeal, as these issues involve (1) "controlling question[s] of law," (2) "as to which there is substantial ground for difference of opinion," and (3) where "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Indeed, in Islam v. Lyft, Inc., Judge Abrams recently certified the same Section 1 exemption issue for interlocutory appeal on June 28, 2021, along with a different issue regarding enforceability of Lyft's arbitration clause under state law. 2021 WL 2651653 (S.D.N.Y. June 28, 2021).

Plaintiffs seek certification of this Court's Order compelling arbitration so that Plaintiffs may also provide argument to the Second Circuit as it considers the FAA Section 1 issue. See Islam, 2021 WL 2651653 *6 ("The Court's conclusion that an interlocutory appeal is appropriate here is bolstered by the fact that Lyft has already taken an appeal from Judge Nathan's decision in Haider v. Lyft, which reached the same conclusion as this Court on the issue of the Section One exemption and deferred

1

decision on the question as to whether the drivers could be alternatively compelled to arbitrate under state law. . . With this appeal already proceeding, if the Second Circuit decides to hear the interlocutory appeal certified today, it may be appropriate and a preservation of judicial resources to consolidate the two cases on appeal, as they present identical legal questions.").

Moreover, Plaintiffs also seek interlocutory review of this Court's order so that Plaintiffs may advance a *different* argument from that being pressed by the Islam plaintiffs regarding why Uber's arbitration agreement is unenforceable under New York law, if the FAA Section 1 exemption is ultimately found to apply to Uber drivers.[1] See Harper v. Amazon.com Services, Inc., ---F.4th ---, 2021 WL 4075350 *6 (3rd Cir. 2021) (holding that where FAA Section 1 "analysis leads to murky answers, a court moves to step two and assumes § 1 applies, taking the FAA out of the agreement. But the court then considers whether the contract still requires arbitration under any applicable state law."). Indeed, on appeal, Plaintiffs would advance an argument of first impression regarding state law—namely, whether class action waivers are unenforceable under New York law absent the preemptive effect of the FAA, as the First Circuit found under Massachusetts law in Waithaka (see note 1 supra). Because (unlike in Massachusetts)

---

[1] As set forth further below, Plaintiffs' primary argument under New York law is that New York public policy would not permit enforcement of an arbitration clause with a class action waiver (absent the preemptive effect of the FAA), as the First Circuit similarly found when applying Massachusetts law in Waithaka v. Amazon.com, Inc., 966 F.3d 10, 33 (1st Cir. 2020), cert denied, ---S.Ct.----, 2021 WL 2519107. By contrast, the Islam plaintiffs did not raise this argument. Rather, the Islam plaintiffs argued that, given the terms of Lyft's arbitration agreement with its drivers, *no* state law applied in the absence of the FAA; the Islam plaintiffs also argued that arbitration agreements requiring arbitration of discrimination claims are not enforceable under New York law.

New York's highest court has not addressed this question,[2] that issue would likely need to be certified to the New York Court of Appeals. However, in New York, a federal district court is not able to certify questions to the New York Court of Appeals; only the Second Circuit could do so.[3]

It is appropriate for Plaintiffs to make this request following the Court's ruling on Uber's motion to compel arbitration, and this Court should certify these questions for interlocutory review, notwithstanding the Second Circuit's holding in Katz v. Cellco Partnership, 794 F.3d 341 (2d Cir. 2015). In Katz, the court held that "the text, structure, and underlying policy of the FAA mandate a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested." Id. at 347. Plaintiffs respectfully submit that this circumstance is distinguishable from Katz, as a key issue in this case is whether the FAA applies to rideshare drivers like Plaintiffs in the first place, which is highly contested across the country and specifically in the Southern District of New York. If the FAA is ultimately found to be inapplicable to Plaintiffs, then the "text, structure, and underlying policy of the FAA" is not determinative of how this case should proceed. Indeed, in Katz, the plaintiff (who was seeking to avoid arbitration) conceded that the FAA applied to his claims and solely sought a ruling that

---

[2]     The Massachusetts Supreme Judicial Court previously determined that arbitration agreements containing class action waivers violate Massachusetts public policy in Feeney v. Dell, Inc., 454 Mass. 192 (2009) and Machado v. System4 LLC, 465 Mass. 508 (2013). However, the New York Court of Appeals has never been presented with this question.  Nearly every state high court that has been presented with this question has held class waivers to violate state public policy.  See infra at note 8.

[3]     See 22 NYCRR §500.27(a) ("Whenever it appears to the Supreme Court of the United States, any United States Court of Appeals, or a court of last resort of any other state that determinative questions of New York law are involved in a case pending before that court for which no controlling precedent of the Court of Appeals exists, the court may certify the dispositive questions of law to the Court of Appeals.").

3

application of the FAA to compel arbitration of his state law claims was unconstitutional. 794 F.3d at 344. Here, Plaintiffs do not concede that the FAA applies to their claims, and indeed, Plaintiffs seek interlocutory review of this Court's order holding that it does.

Further, this Court should follow the Islam court, which notably certified its order compelling arbitration of the Lyft drivers' claims for interlocutory review, notwithstanding that the court had already compelled arbitration of the plaintiffs' claims and stayed the case pursuant to Katz. 2021 WL 871417 *1. As the Islam court found, "such an appeal would be in accordance with the statutory requirements of Section 1292." 2021 WL 2651653 *4. Plaintiffs submit the same is true here.[4]

As the Islam Court recognized, both issues that Plaintiffs seek to certify "involve a controlling question of law" and therefore warrant certification. Id. at *4. Indeed, the outcome of an appeal on the certified issues will determine the forum; procedure; beneficiaries; and potential relief available in this litigation. See Lee v. Postmates Inc., 2019 WL 1864442, at *3 (N.D. Cal. Apr. 25, 2019) (certifying FAA Section 1 issue for interlocutory review, finding it to be a controlling issue of law because resolution of whether plaintiffs could be compelled to arbitration could be determinative of whether absent class members' claims could ever be vindicated). Moreover, both issues are pure questions of law that will have ramifications for other pending cases in the Southern District of New York, which further counsels toward certification. See, e.g., Islam, 2021 WL 871417, at *4; see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-

---

[4] There is no particular time requirement for filing a motion for interlocutory appeal pursuant to 28 U.S. Code § 1292(b) in the district court (as opposed to the 10-day requirement for filing an application to the Circuit Court of Appeals *after* the district court has issued its order authorizing an interlocutory appeal). Plaintiffs have filed this motion within 30 days of this Court's August 20, 2021 Order Compelling Plaintiffs to Arbitration, which is consistent with the time for filing an appeal under 28 U.S. Code § 2107.

4

Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 24 (2d. Cir. 1990); Brown v. Bullock, 294 F.2d 415, 417 (2d. Cir. 1961).

Moreover, there is plainly substantial ground for differences in opinion regarding both issues. As this Court noted in its own Order, recently, "two courts in this district have joined Cunningham v. Lyft, Inc., 450 F. Supp. 3d 37, 46 (D. Mass. 2020) in adopting the view that Section 1's residual clause exempts rideshare drivers from the FAA." See Order, at 10, citing Haider, 2021 WL 1226442; Islam, 2021 WL 871417. Similarly, the Islam court also recognized that "[t]hese frequently litigated issues have divided courts in recent years, suggesting the existence of substantial grounds for differences of opinion." Id. at *5.

Finally, an immediate appeal from the Order compelling arbitration "may materially advance the ultimate termination of the litigation" because reversal will allow this issue to be decisively determined at the advent of the litigation, rather than after the parties proceed through arbitration and then move to vacate the (potentially unenforceable) award, and subsequently appeal, based on these exact preliminary legal issues. Simply put, if ultimately the Second Circuit determines that Plaintiffs' claims should never have been compelled to arbitration in the first place, requiring Plaintiffs to proceed in the arbitration process will significantly lengthen this litigation and burden the parties, by requiring litigation of the merits twice over. See Klein v. Vision Lab Telecommunications, Inc., 399 F. Supp. 2d 528, 537 (S.D.N.Y. 2005); Plofsky v. Giuliano, 2009 U.S. Dist. LEXIS 43565, *12 (D. Conn. May 20, 2009); Lee, 2019 WL 1864442 *4, quoting Kuehner v. Dickinson & Co., 84 F.3d 316, 319 (9th Cir. 1996).

II.  **BACKGROUND**

Plaintiffs Sancak Davarci and Joseph Chambers filed their Amended Class Action Complaint against Uber on November 27, 2020. See Dkt. 12. Uber is a transportation company based in California, which operates across the United States (and the world), including in New York. Plaintiff Davarci and Plaintiff Chambers are Uber drivers who have each driven for Uber in New York for several years. Id. ¶¶ 4-5. Plaintiffs alleged that Uber has misclassified them and other New York Uber drivers as independent contractors when they are, in actuality, employees of Uber under New York law. Id. ¶ 2. Plaintiffs brought claims under the New York Labor Law on behalf of themselves and all other similarly situated New York Uber drivers pursuant to FRCP 23. Id. ¶ 3.

On December 11, 2020, Uber filed its Motion to Compel Arbitration. See Dkts. 13-17. Plaintiffs filed their Opposition on January 11, 2021. See Dkt 20. Uber filed its Reply on January 25, 2021. See Dkt. 21. The parties' briefing centered on whether Plaintiffs, and rideshare drivers generally, fall within the Section 1 exemption of the FAA, and if so, whether Plaintiffs' claims could alternatively be compelled to arbitration under New York law. Based on rapidly developing caselaw, the parties each filed several Notices of Supplemental Authority, as well as responses. On August 20, 2021, this Court issued its Order granting Uber's motion to compel arbitration, on the basis that Plaintiffs do not fall within the Section 1 exemption from the FAA. The Court did not reach the issue of whether Plaintiffs' claims could be compelled to arbitration under New York law but noted that "the decision in Islam is a strong counter to Plaintiffs' arguments that New York courts would not compel arbitration under similar circumstances." See

Order at 11 n.13. Plaintiffs now move for certification of this Court's August 20, 2021 interlocutory order for appeal pursuant to 28 U.S.C. § 1292(b).

III. **ARGUMENT**

28 U.S.C. § 1292(b) provides that a district court may certify for appellate review any interlocutory order (1) that "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." The party seeking interlocutory review bears the burden of showing that all of these factors are met. Id. Plaintiffs meet all three requirements here.

**A. Whether Plaintiffs' Claims Can Be Compelled to Arbitration under the FAA, or Alternatively New York Law, Constitute Controlling Issues of Law**

"The definition of 'controlling issue of law' encompasses issues ranging from those that, if the district court's order were reversed on appeal, would terminate an action . . . to those that involve 'a procedural determination that may importantly affect the conduct of an action.'" In re Del-Val Financial Corp. Securities Litigation, 874 F. Supp. 81, 83 (S.D.N.Y. 1995), quoting In re Duplan Corp., 591 F.2d 139, 148 n.11 (2d. Cir. 1978) (noting that an issue is considered "controlling" so long as the issue "may importantly affect the conduct of an action"), citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978); see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 24 (2d. Cir. 1990) ("the resolution of an issue need not necessarily terminate an action in order to be "controlling").

Here, while not necessarily dispositive of the entire action, whether this case proceeds in individual arbitration instead of as a putative Rule 23 class in court is clearly a procedural determination that will importantly affect the conduct of this action. Not only will this issue determine the forum in which Plaintiffs pursue their claims and in turn the procedure that applies, this issue will also determine the relief available and who will benefit from the litigation. Most crucially, this issue will determine whether Plaintiffs will be pursuing their claims individually, or whether they can vindicate the New York Labor Law claims of thousands of other Uber drivers in New York, who may otherwise not pursue their claims due to the increased burden that individual arbitration poses. See Lee v. Postmates Inc., 2019 WL 1864442, at *3 (N.D. Cal. Apr. 25, 2019) ("If Plaintiffs were required to proceed without an appeal and prevailed in their individual arbitrations, whatever rights absent class members might have to a judicial resolution of their claims—if this Court's interpretation of the FAA is incorrect—might never be vindicated.").

Indeed, in Tantaros v. Fox News Network, LLC., 465 F. Supp. 3d. 385, 390 (S.D.N.Y. 2020), the court certified an issue of law for appeal because "[r]eversal of this Court's decision finding it has subject matter jurisdiction would 'significantly affect the conduct of the action' by stripping this Court of jurisdiction, terminating the federal case, and remanding the action to state court." Similarly, here, if the Second Circuit reverses this Court's order compelling arbitration, there will be no basis for Uber to require Plaintiffs to arbitrate their claims, and the case will return to federal court.

Further, as the Islam v. Lyft court noted in deciding to certify the FAA Section 1 issue to the Second Circuit, if:

> the Circuit were to reverse, holding that Plaintiff cannot be compelled to arbitrate, the parties would avoid arbitration but would proceed to litigate the action in the normal course in federal court. Nonetheless, if the Circuit decides to hear this appeal, it would provide valuable guidance to a great number of litigants and lower court judges.

2021 WL 871417, at *4 (S.D.N.Y. Mar. 9, 2021). Other courts have also recognized that where the issues of law are "likely to have precedential value for a large number of other suits . . . now pending in the Southern District", this factor further weighs in favor of certification for interlocutory review. Brown v. Bullock, 294 F.2d 415, 417 (2d. Cir. 1961); see also Klinghoffer, 921 F.2d at 24 ("Therefore, in exercising our discretion under the statute, we may properly consider the system-wide costs and benefits of allowing the appeal."); Am. Geophysical Union v. Texaco, Inc., 802 F. Supp. 1, 30 (S.D.N.Y. 1992) (granting interlocutory appeal where "there is a strong public interest in having prompt appellate review").

Finally, both issues are also suitable for certification because both are pure questions of law. Id. at 390. Whether Uber drivers are "engaged in interstate commerce" within the meaning of Section 1 of the FAA is a matter of statutory interpretation. See Laurent v. PricewaterhouseCoopers LLP, 2014 WL 251986, at *1 (S.D.N.Y. Jan. 22, 2014) ("The Court's Order . . . hinged on statutory interpretation—a quintessentially legal determination."). Whether class action waivers in arbitration agreements are enforceable under New York law is a matter of public policy with no factual element. See Hartford Acc. and Indem. Co. v. Village of Hempstead, 48 N.Y.2d 218, 222 (N.Y. Ct. App. 1979) ("the issues before us turn not on any affirmed findings of fact but solely on public policy and the interpretation of statutes, both of which are matters of law"). Plaintiffs have thus met the first requirement of 28 U.S.C. § 1292(b).

9

**B. There Is Substantial Ground for Difference in Opinion Regarding Whether Rideshare Drivers (1) Fall under FAA Section 1 and (2) Can Be Alternatively Compelled under New York law to Arbitrate Their Claims**

A substantial ground for difference of opinion exists "when '[i] there is conflicting authority on the issue, or [ii] the issue is particularly difficult and of first impression for the Second Circuit.'" Capitol Records, LLC v. Vimeo, LLC, 2013 WL 6869648, at *10 (S.D.N.Y. Dec. 31, 2013) (quoting In re Enron Corp., 2007 WL 2780394, at * 1 (S.D.N.Y. Sept. 24, 2007)). Here, both issues meet these conditions.

First, the Second Circuit has never addressed the issue of whether rideshare drivers fall under Section 1 of the FAA. Plaintiffs seek the opportunity to contribute submissions to the Second Circuit as it considers this issue following the Haider and Islam courts' certification of orders for interlocutory appeal. This Court's own Order notes that there are conflicting lower court decisions in the Second Circuit regarding whether rideshare drivers are "engaged in interstate commerce" and therefore exempt under FAA Section 1. See Order, at 10, citing Haider, 2021 WL 1226442; Islam, 2021 WL 871417. Indeed, the Islam court, which reached the opposite conclusion to this Court about whether rideshare drivers fall under FAA Section 1, also recognized that this issue has "divided courts in recent years, suggesting the existence of substantial grounds for differences of opinion." Id. at *5.[5]

The second issue that Plaintiffs seek to appeal, whether arbitration agreements with class waivers are enforceable under New York when applied to New York Labor Law claims (when stripped of federal preemption, if the FAA were not to apply), also

---

[5] This issue is also currently on appeal in the First Circuit after the district court in Cunningham v. Lyft, Inc., 450 F. Supp. 3d 37, 46 (D. Mass. 2020), held that rideshare drivers are exempt under Section 1 of the FAA.

gives rise to substantial ground for differences in opinion.⁶  Neither the Second Circuit nor the New York Court of Appeals has ever directly addressed this specific issue.⁷  However, courts in nearly every other state to address the issue have held arbitration agreements containing class action waivers to be unenforceable under state law, in the absence of the preemptive effect of the FAA.⁸

Further, as Plaintiffs set forth in their briefing in Opposition to Uber's Motion to Compel Arbitration, in the absence of the FAA, Plaintiffs have a good faith argument that should be considered on appeal that the New York appellate courts would hold

---

⁶ In Waithaka, the First Circuit held, based on precedent from the Supreme Judicial Court of Massachusetts in Feeney, 454 Mass. 192 and Machado, 465 Mass. at 508, that "the statutory rights to proceed as a class articulated in the Massachusetts Wage Act, Independent Contractor Misclassification Law, and Minimum Wage Law -- as well as the statutory provision that precludes contractual waiver of these rights -- represent the fundamental public policy of Massachusetts, and that the [Supreme Judicial Court of Massachusetts] would therefore invalidate a class waiver in an employment contract, like that of Waithaka, not covered by the FAA." 966 F.3d at 33.

⁷ Without a decision by the New York Court of Appeals addressing this issue, it cannot be assumed that arbitration agreements with class action waivers are enforceable in New York.  Only the Second Circuit, and not this Court, could certify this issue to the New York Court of Appeals.  And the plaintiffs in Islam and Haider have not raised this issue or made such a request; thus, the Court should allow this case to be heard at the Second Circuit as well, so that this argument can be raised there.

⁸ See, e.g., See McKenzie Check Advance of Florida, LLC v. Betts, 112 So. 3d 1176 (Fla. 2013); Picardi v. Eighth Judicial Dist. Court of State, ex rel. County of Clark, 127 Nev. 106, 111-14 (Nv. 2011); Herron v. Century BMW, 387 S.C. 525, 536 (S.C. 2010); Feeney v. Dell Inc., 454 Mass. 192, 198-205 (Mass. 2009); Fiser v. Dell Computer Corp., 144 N.M. 464, 467-71 (N.M. 2008); Tillman v. Commercial Credit Loans, Inc., 362 N.C. 93, 108 (N.C. 2008); Scott v. Cingular Wireless, 160 Wash. 2d 843, 853-60 (Wash. 2007); Gentry v. Superior Court, 165 P.3d 556, 560-69 (Cal. 2007); Kinkel v. Cingular Wireless LLC, 223 Ill. 2d 1, 22-45 (Ill. 2006); Wisconsin Auto Title Loans, Inc. v. Jones, 290 Wis. 2d 514, 553-54 (Wis. 2006); Leonard v. Terminix Intern. Co., L.P., 854 So. 2d 529, 539 (Ala. 2002); State ex rel. Dunlap v. Berger, 211 W. Va. 549, 561-64 (Va. 2002); Vasquez-Lopez v. Beneficial Oregon, Inc., 210 Or. App. 553, 569-572 (Or. App. Ct. 2007); Schwartz v. Alltel Corp., 2006 WL 2243649, *4-5 (Ohio Ct. App. June 29, 2006); Whitney v. Alltel Commc'ns, Inc., 173 S.W.3d 30, 309-140 (Mo. App. 2005).

arbitration agreements with class waivers to be unenforceable under New York state law, in light of the decision in Gold v. New York Life Ins. Co., 153 A.D.3d 216, 221 (1st Dept. 2017). There, the court followed the Seventh Circuit's decision in Lewis v Epic Sys. Corp., 823 F3d 1147 (7th Cir. 2016), rev'd sub nom, Epic Sys. Corp. v. Lewis, 138 S. Ct. 1612 (2018), that an agreement to preclude a class action violates the employees' rights to engage in protected concerted activity. While this Court did not appear to agree with this argument (though it did not directly reach it, since it held that the FAA requires arbitration here), this issue has not been decided on appeal. Moreover, notwithstanding Judge Abrams' decision in Islam that the Lyft drivers could be compelled to arbitrate under New York law, Judge Abrams recognized that there is substantial ground for a difference in opinion on this question and certified a very similar (but not identical) issue for interlocutory appeal. 2021 WL 2651653, at *2–3. Given that the Islam plaintiffs' arguments regarding New York law will be heard on appeal, Plaintiffs here urge the Court to certify this case as well, so that their argument regarding New York law may be considered as well.

### C. Allowing an Immediate Appeal from this Court's Order Will "Materially Advance the Ultimate Termination of the Litigation" by Resolving this Issue Before the Parties Have Already Engaged in Arbitration

An immediate appeal from the Order compelling arbitration "may materially advance the ultimate termination of the litigation" here, by allowing this issue to be decisively determined at the advent of the litigation, rather than after the parties proceed through arbitration and then move to vacate the (potentially unenforceable) award. Indeed, following arbitration, Plaintiffs would ultimately seek to appeal the exact issues that they now seek to certify. Simply put, if ultimately it is determined that Plaintiffs

12

should never have been compelled to arbitration in the first place under the FAA nor New York law, requiring Plaintiffs to proceed in arbitration will greatly lengthen this litigation. See Klein v. Vision Lab Telecommunications, Inc., 399 F. Supp. 2d 528, 537 (S.D.N.Y. 2005) (stating that "[p]roceeding with the case where the possibility exists that this Court lacks jurisdiction could force plaintiffs to try this case twice, once in federal court and again in state court" and certifying the issue for interlocutory appeal); Plofsky v. Giuliano, 2009 U.S. Dist. LEXIS 43565, *12 (D. Conn. May 20, 2009) (noting that it weighs in favor of certification if doing so "will likely avoid significant expenditure of unnecessary resources"); Lee, 2019 WL 1864442 *4 ("Postmates argues that an appeal will take more time and effort than arbitration of Plaintiffs Lee and Timmerman's claims. That may be true, but an appeal before arbitration will still conclude more quickly than requiring arbitration to run its course before the appeal begins, and the Ninth Circuit has recognized the value of interlocutory appeals to avoid "the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter."), quoting Kuehner v. Dickinson & Co., 84 F.3d 316, 319 (9th Cir. 1996).

It would be far more efficient for these issues to be resolved now, so that—whether Plaintiffs must ultimately proceed with their claims in arbitration or may proceed in court—the parties will only have to litigate the merits of this case once.

## IV.   CONCLUSION

For the reasons set forth above, this Court should certify its August 2021 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Dated: September 17, 2021                    Respectfully submitted,

13

SANCAK DAVARCI AND JOSEPH CHAMBERS, individually and on behalf of all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, NY Bar No. 2971927
Tara Boghosian, *pro hac vice anticipated*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com,
tboghosian@llrlaw.com

---

Defendant must submit a response by no later than **October 4, 2021**. Plaintiffs' reply must be filed by **October 11, 2021**.

SO ORDERED.

*Valerie Caproni*  9/20/21

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

14