UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____              │
│ DATE FILED:___11/15/21____           │
└─────────────────────────────────────┘

SANCAK DAVARCI and JOSEPH CHAMBERS, :
*individually and on behalf of all others similarly* :
*situated*, :
:                                              20-CV-9224 (VEC)
:
                                   Plaintiffs, :                    <u>ORDER</u>
:
:
                  -against- :
:
:
UBER TECHNOLOGIES, INC., :
:
:
                                   Defendant. :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

On August 20, 2021, the Court granted Uber Technologies, Inc. ("Uber")'s motion to compel arbitration in this case pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. Order, Dkt. 34. Plaintiffs have now moved to certify that decision for appeal to the Second Circuit. Not. of Mot., Dkt. 38. For the reasons that follow, Plaintiffs' motion is DENIED.

## BACKGROUND

In November 2020, Plaintiffs Sancak Davarci and Joseph Chambers, who work as drivers for the rideshare company Uber, sued Uber individually and on behalf of a class of all others who work or have worked as Uber drivers in New York. Compl., Dkt. 1. Plaintiffs allege that Uber misclassifies its drivers as independent contractors instead of employees in violation of the New York Labor Law ("NYLL"). *Id.* at 8–9. In December 2020, Uber moved to compel arbitration pursuant to the FAA, relying on an arbitration agreement and its argument that rideshare drivers are not exempt from the FAA as workers "engaged in foreign or interstate commerce." Not. of Mot., Dkt. 13 (citing 9 U.S.C. § 1); Def. Mem. at 4, Dkt. 14. The Court agreed with Uber's assessment that its drivers, as a class, are not engaged in interstate commerce,

1

and that they therefore do not fall within an exception to the FAA.  Order at 2.  Accordingly, the

Court stayed this case and ordered the parties to arbitrate this dispute.

On September 17, 2021, Plaintiffs moved for certification of the Court's order for

appealability to the Second Circuit pursuant to 28 U.S.C. § 1292(b).  Not. of Mot., Dkt. 38.

They seek leave to appeal two issues: (1) whether Plaintiffs are engaged in interstate commerce

within the meaning of the FAA, and (2) whether arbitration agreements with class action waivers

are enforceable under New York law.  Pls. Mem. at 1, Dkt. 38.  Uber opposes the motion.  *See*

Def. Opp., Dkt. 42.

## DISCUSSION

### I.      Legal Standard for Certifying an Interlocutory Appeal

Under 28 U.S.C. § 1292(b), a district court may certify for appellate review any

interlocutory order that (1) "involves a controlling question of law," (2) "as to which there is

substantial ground for difference of opinion," and (3) where "an immediate appeal from the order

may materially advance the ultimate termination of the litigation."  This presents a narrow

exception to the "basic tenet of federal law" that appellate review should follow final judgment.

*Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (citation omitted).  The

Second Circuit has held that interlocutory appeals "must be strictly limited to the precise

conditions stated in the law."  *Klinghoffer v. S.N.C. Achille Lauro in Amministrazione*

*Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (quotation omitted).

### II.     Plaintiffs Fail to Meet the Narrow Standard for Certification for Appellate Review

Plaintiffs argue that the question whether they are subject to the FAA or can be

compelled to arbitration under New York law are controlling issues of law; that "there is

substantial ground for difference in opinion" as to whether rideshare drivers fall under the

2

exemption to the FAA and can be compelled under New York law to arbitrate these kinds of claims; and that an immediate appeal of the underlying order will "materially advance the ultimate termination of the litigation."  Pls. Mem. at 7–13.  The Court addresses each criterion in turn.

### A.  The Issues Plaintiffs Present Are Controlling Questions of Law

A question of law is "controlling" if it "may importantly affect the conduct of an action." *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).  The parties do not dispute that the Court's ruling compelling arbitration was controlling; rather, they dispute whether Plaintiffs truly raise a question of law.  Def. Opp. at 3–5.  Here, the first question of law for which Plaintiffs seek review is the Court's interpretation of the statutory phrase "engaged in interstate commerce" within Section 1 of the FAA.  *See generally* Order.  Uber argues that the Court "did not undertake solely an interpretation of statute to render its decision," but rather applied facts from the record.  Def. Opp. at 4.

Whether Plaintiffs are required to proceed to arbitration is clearly controlling, and the Court's analysis of the meaning of "engaged in interstate commerce" was a matter of statutory interpretation.  *See*, *e.g.*, *Laurent v. PricewaterhouseCoopers LLP*, No. 6-CV-2280, 2014 WL 251986, at *1 (S.D.N.Y. Jan. 22, 2014) (determining district court's interpretation of "ERISA to determine whether 'normal retirement age' may be defined as five years of service, hinged on statutory interpretation"); *Islam v. Lyft, Inc.*, No. 20-CV-3004, 2021 WL 2651653, at *4 (S.D.N.Y. June 28, 2021) (holding identical statutory interpretation issue to be a controlling issue of law).  While the Court did not reach the issue of the application of New York law, Plaintiffs' argument would similarly invoke a question of law.  Order at 11 n.13.  That the Court also

3

addressed the record before it does not morph a legal question into a factual one.  Thus, Plaintiffs

meet this criterion.

### B.  There is Not Substantial Ground for a Difference of Opinion on the Instant Issues

Where Plaintiffs' bid to appeal fails is on the second prong: whether there is a substantial

ground for difference of opinion.  28 U.S.C. § 1292(b).  Such grounds exist "when (1) there is

conflicting authority on the issue, or (2) the issue is particularly difficult *and* of first impression

for the Second Circuit."  *Capitol Recs., LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y.

2013) (emphasis added) (cleaned up).  "[T]he mere presence of a disputed issue that is a question

of first impression, standing alone, is insufficient to demonstrate a substantial ground for

difference of opinion."  *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).

In its order, the Court noted that "[t]he majority of courts to consider this issue have held

that rideshare drivers — including those working for Uber and its primary competitor Lyft — are

not covered by the residual clause" of Section 1 of the FAA.  Order at 9–10 (collecting cases);

*see also* Def. Opp. at 6–7 (collecting cases since the Court's order).  Plaintiffs make much hay of

the fact that two sister courts in this District disagree with the Court's order compelling

arbitration under the FAA and instead compelled arbitration in similar cases under state law.  *See*

*Islam v. Lyft, Inc*., 524 F. Supp. 3d 338, 353 (S.D.N.Y. 2021), *mot. to certify appeal granted,*

*recons. denied*, 2021 WL 2651653; *Haider v. Lyft, Inc.*, No. 20-CV-2997, 2021 WL 1226442, at

*1 (S.D.N.Y. Mar. 31, 2021) (holding rideshare drivers are exempt from the FAA); *Haider v.*

*Lyft, Inc.*, No. 20-CV-2997, 2021 WL 3475621, at *1 (S.D.N.Y. Aug. 6, 2021) (holding

rideshare drivers must be compelled to arbitration under Delaware law).[1]  Given the weight of

---

[1]      *Islam* has been certified by the district court for interlocutory appeal, and an appeal from the first order in *Haider*, denying arbitration under the FAA, is pending in the Second Circuit (although it is currently stayed).  *Haider v. Lyft, Inc.*, No. 21-1113.  While Plaintiffs argue that this Court should therefore grant their motion, Pls.

authority in favor of the Court's Order, decisions to the contrary do not constitute "substantial ground for difference of opinion."

### C. Immediate Appeal Would Not Advance the Ultimate Termination of the Litigation

Because Plaintiffs cannot meet the second prong of 28 U.S.C. § 1292(b), the Court need not address the third. Nonetheless, it bears noting that whether an immediate appeal from the Court's order would "materially advance the ultimate termination of the litigation" is dubious. Plaintiffs argue that they would appeal the issues they are currently seeking to certify following arbitration, and that a decision at the outset of arbitration is, therefore, more efficient. Pls. Mem. at 12–13. As Defendant points out, Plaintiffs' argument is correct only if the Second Circuit determines Plaintiffs should not have been compelled to arbitrate. Def. Opp. at 7–8. Should the Second Circuit agree with this Court's determination, or affirm the *Islam* and *Haider* decisions determining that, regardless of the FAA, rideshare drivers must be compelled to arbitrate under state law, then an interlocutory appeal would not advance the ultimate resolution of the parties' dispute. A "mere possibility that a reversal of the Court's order would end the case is insufficient" to meet the third requirement to certify an appeal. *In re Goldman Sachs Grp., Inc. Sec. Litig.*, No. 10-CV-3461, 2014 WL 5002090, at *2 (S.D.N.Y. Oct. 7, 2014) (citation omitted).

In all events, with this issue already pending in the Second Circuit, Plaintiffs will be able to inform the Court of any relevant decision that alters the posture of this case to the extent that it will save them time and costs associated with this litigation. Pls. Reply at 8, Dkt. 43.

---

Reply at 7–8, Dkt. 43, the Court agrees with Uber that the fact that the instant issues are "already before the Second Circuit in other cases cuts against certifying the question for interlocutory appeal in this case, not in favor of it." Def. Opp. at 5.

**CONCLUSION**

Because Plaintiffs seek to certify for appellate review questions of law that do not present substantial ground for difference of opinion and would not advance the ultimate termination of the case, their motion is DENIED.  The Clerk of Court is respectfully directed to close the open motion at Docket 38.

**SO ORDERED.**

**Date:   November 15, 2021**
      **New York, New York**

                                        **VALERIE CAPRONI**
                                  **United States District Judge**